# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR PIOTROWSKI, <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES COUNTY CLERK, et al., <br><br> Defendants. | **Case No: 2:23-cv-02105-CAS-KES** <br><br> Honorable Christina A. Snyder <br><br> **ORDER DISMISSING CASE** |

    On March 20, 2023, plaintiff Trevor Piotrowski filed a 42 U.S.C. § 1983 suit against the "Los Angeles County Clerk," Sheriff Robert Luna, and a "John Doe" psychiatrist at the Los Angeles Department of Mental Health. Dkt. 1 ("Compl."). Plaintiff is a pre-trial detainee at the Los Angeles County Jail.

    Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In order to qualify under the "imminent

danger" exception, a plaintiff must allege a "valid relationship, or nexus, between the allegations of imminent danger and the civil rights action" such that a favorable judicial outcome is "capable of redressing the asserted injury." Williams v. Passini, No. 2:17-CV-01362-KJM (CKD) P, 2018 WL 4215972, at *4 (E.D. Cal. Sept. 5, 2018).

Prior federal courts have already "dismissed more than three of Piotrowski's civil rights complaints for frivolousness, maliciousness, or failure to state a claim. See, e.g., Piotrowski v. Snyder, No. 2:16-cv-00251, 2016 U.S. Dist. LEXIS 169192 (W.D. Mich. Dec. 7, 2016); Piotrowski v. Michigan, No. 1:12-cv-00011, 2012 U.S. Dist. LEXIS 25514 (W.D. Mich. Feb. 28, 2012); Piotrowski v. Petro, No. 2:04-cv-73177, 2004 U.S. Dist. LEXIS 32874 (E.D. Mich. Sept. 10, 2004)." Piotrowski v. Snyder, No. 17-cv-13631, 2017 U.S. Dist. LEXIS 193963, at *2 (E.D. Mich. Nov. 27, 2017). However, plaintiff appears to allege that he has been placed in danger at the LA County Jail. Compl. at 8 ("I have been in approximately 10 fist fights. I have had a total of 13 stitches and 2 staples in my head due [to] injuries obtained in defending myself. . .").

Nonetheless, plaintiff's claim must be dismissed for failure to state a claim. A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Plaintiff alleges that he is "capriciously being prohibited and denied my unalienable and inalienable right to worship . . . according to the dictates of [his] own conscience" and that he is being "discriminated against due to [his] religion . .

national background as a Hebrew of the patriarch (tribe) of Benjamin, [his] gender, race and sexual orientation." Compl. at 5. He further alleges that defendants are "systematically forcing [him] to adhere and conform to" various Christian churches, and that defendants refuse to recognize his new name of "Yashua" and "title of sovereign and elect King." Id.

Plaintiff's allegations resemble one of his previous lawsuits which a court in the Western District of Michigan deemed to be frivolous:

> Plaintiff does not identify any constitutional rights that would serve as the basis for his action. Construing the complaint liberally, Plaintiff arguably asserts a violation of his right to practice his religion. While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. See O'Lone v. Shabazz, 482 U.S. 342, 348, 107 S. Ct. 2400, 96 L. Ed. 2d 282 (1987) (citations omitted). Generally, prison officials may only impinge on this right in a manner that is "reasonably related to legitimate penological interests." Flagner v. Wilkinson, 241 F.3d 475, 483 (6th Cir. 2001) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Plaintiff's claim that Defendants have not recognized his new name does not state a First Amendment claim, however. The Sixth Circuit has repeatedly found no merit in a prisoner's claim that "prison officials violated his First Amendment rights by refusing to use his religious name." Spies v. Voinovich, 173 F.3d 398, 406 (6th Cir.1999); see Shuaib v. Stiddum, 856 F.2d 195, (6th Cir. 1988) ("[T]he failure to refer to an inmate by a legally-adopted name simply is not violative of the [F]irst [A]mendment right to freedom of religion.") (citing Akbar v. Canney, 634 F.2d 339 (6th Cir.1980)); see also Porter v. Caruso, 479 F. Supp. 2d 687, 700 (W.D. Mich. 2007) (noting that the Constitution does not guarantee a right "that prison officials will refer to him only by his chosen

appellation"). Similarly, the First Amendment does not require prison officials to recognize Plaintiff's self-declared role as [a religious "King"]. Indeed, there are no allegations indicating that Defendants' refusal to recognize that role impairs any rights of Plaintiff, much less the right for him to exercise his religion. For the foregoing reasons, therefore, Plaintiff does not state a First Amendment claim.

Piotrowski v. Michigan, No. 1:12-cv-11, 2012 U.S. Dist. LEXIS 25514, at *4-6 (W.D. Mich. Feb. 28, 2012). The Court here finds plaintiff's claims to be equally without merit.

Additionally, the complaint must be dismissed because it fails to identify which defendants and what conduct they committed with respect to alleged violations of his constitutional rights. If a plaintiff fails to clearly set forth allegations sufficient to provide defendants with fair notice of what plaintiff's claims are and what relief is being sought, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177–79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Here, the complaint does not allege facts showing what the defendants did, so the complaint does not put defendant on notice of what plaintiff's claims are, and he fails to state a claim on this basis.

Ultimately, the Court concludes that the Complaint is factually frivolous and legally baseless and thus should be dismissed. See Hendrix v. Vasquez, 908 F.2d 490, 491(9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory" or palpably incredible . . . 'or patently frivolous or false.'") (citations omitted).

**IT IS SO ORDERED.**

Dated: March 30, 2023

_Christina A. Snyder_
Honorable Christina A. Snyder
U.S. District Court Judge